UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VALENTIN DE LA CRUZ,

    Petitioner,

v.                                                      CASE NO:  8:14-CV-601-T-30EAJ
                                                               Crim. Case No: 8:12-CR-5-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1), Memorandum in support (CV Dkt. #2), the Supplement to the Motion (CV Dkt. #4), the Government's Response (CV Dkt. #5), and Petitioner's Reply (CV #6).  Upon consideration, the Court concludes that the petition is due to be denied because the grounds raised are waived by De La Cruz's plea agreement, are not cognizable for habeas relief, and is insufficient on the merits.

### Background

On August 1, 2012, Petitioner pled guilty to conspiring to possess with intent to distribute 50 grams or more of methamphetamine.  De La Cruz's plea of guilty was accepted by this Court on August 20, 2012, and sentencing was set for November 7, 2012.  At the sentencing, De La Cruz failed to appear.  In spite of the Government's request that De La

Cruz be sentenced in absentia, this Court continued the sentencing to give De La Cruz another chance to appear, saying:

> THE COURT: All right. I'm going to continue the hearing for three or four weeks.
>
> Sara, you want to give me a date and time?
>
> Mr. Bedell, I'll want you to call his family and tell them I'm giving him one more chance and tell him it's in his best interest to take advantage of the chance.
>
> MR. BEDELL: I will do more than that, Your Honor.
>
> THE COURT: The next time I'm going to sentence him in absentia, so he's not gaining anything by staying away. He's only hurting himself.
>
> 8:30 a.m. November 27th.
>
> MR. BEDELL: Thank you, Your Honor.

Sentencing hearing transcript (Dkt. #69), pp. 5-6.

De La Cruz again failed to appear for the November 27th sentencing hearing and the Court sentenced him *in absentia* to 121 months imprisonment. His counsel, George Bedell, filed a direct appeal and an *Anders* brief. The issue raised on appeal was that a defendant has a constitutional right to be present at sentencing and this Court violated that right because it had no direct evidence that De La Cruz was absent voluntarily from the sentencing hearing. The Eleventh Circuit affirmed and its mandate issued August 27, 2013.

The Marshal's Service was able to located De La Cruz and arrest him in April of 2013. He was charged with failure to appear in case number 8:13-cr-223-T-17TGW. In that

case, De La Cruz signed a plea agreement on August 5, 2013, and entered a guilty plea at a hearing on August 13, 2013. He was sentenced on November 13, 2013, to fifteen months imprisonment consecutive to his 121 month sentence in 8:12-cr-5-T-30EAJ.

De La Cruz timely filed this petition for habeas relief on March 11, 2014, raising one ground for relief:

**Ground One:**   Counsel was ineffective in this case for not pursuing an appeal upon the Petitioner's request to do so.

Memorandum in support of Petition (Dkt. #2), p. 6.

In this ground, De La Cruz claims that he told his counsel to appeal on the day of sentencing, but his counsel refused to do so. De La Cruz states that he wanted his counsel to appeal because the government did not give him the four level substantial assistance reduction to which he thought he was entitled, and because the Court did not give him credit for the safety valve in fashioning his sentence.

## Discussion

**Ground One:**   Counsel was Ineffective In This Case For Not Pursuing An Appeal Upon The Petitioner's Request To Do So. *Roe v. Ortega*, 528 U.S. 473 (2000); *Gomez-Diaz v. United States*, 433 F. 3d 488-493 (11th Cir. 2005).

In support of this ground, De La Cruz contends:

(1). Petitioner states to the Honorable Court that he informed counsel to appeal on the day he was sentenced, because he was not supposed to have received an eleven (11) year sentence. Petitioner was supposed to receive a five year sentence, based on his plea he had made with the government and counsel which was for no more than five years at most. Petitioner's presentence report was for seven years and ten months at most, not eleven years. Petitioner did not show up to Court on time and was therefore,

> penalized for not coming to Court until three months later. However, Petitioner wanted counsel to appeal his case on direct review, because he felt and informed counsel that 11 years was excessive and extremely too much time for a sentence which he received. Petitioner never waived his appeal rights away. Petitioner never told counsel that he did not want to appeal. Petitioner told counsel on the day of sentencing to file an appeal. Counsel was obligated to appeal the Petitioner's sentence on the day of sentencing, because he was still the Petitioner's counsel for ten days after Petitioner had been sentenced. Counsel never filed an *Anders v. California Brief*, informing the Court that Petitioner did not request an appeal or that Petitioner did not have any issues or not. Counsel told the Petitioner he was not going to appeal, because the Petitioner had no appeal rights, because he had already pled guilty and waived all of his appeal rights and constitutional rights away to an appeal. Petitioner stated that he wanted to appeal anyway. Counsel refused to do so. Thereby, violating the Petitioner's Fifth Amendment right to due process, and his Sixth Amendment right to a direct appeal.

Memorandum in support (Dkt. #2), pp. 6-7.

This ground fails for several reasons. First, De La Cruz is mistaken. His counsel did file a direct appeal contending this Court violated De La Cruz's constitutional rights by sentencing him without De La Cruz being present. The Eleventh Circuit affirmed. See 11th Circuit case number 12-16386-bb. Not only is this claim factually incorrect, the Eleventh Circuit has already considered and denied De La Cruz's claim that being sentenced *in absentia* violated his rights under the Fifth and Sixth Amendment. Having lost that argument on direct appeal, he is unable to raise it again in support of a claim for habeas relief.

Interestingly, after the Government pointed out that a direct appeal had been filed on De La Cruz's behalf, De La Cruz argues in his Reply (Dkt. #6) that it is not his trial counsel, George Bedell, III, that he requested to appeal his case. He now argues that it was a different lawyer that was assigned when De La Cruz was arrested on the subsequent charge for failure

to appear at sentencing. This contention seems unreasonable in light of De La Cruz's arguments, set forth above, supporting Ground One. It is difficult to see how the wording in that claim applies to a different lawyer in a different case. If the argument refers to what he told a different lawyer at his sentencing in the subsequent case for his failure to appear, that sentencing took place on November 13, 2013, well after the Eleventh Circuit mandate issued on August 27, 2013. And a different lawyer in a different case has no duty to file an appeal in a case in which he does represent a defendant. Attorney George Bedell is the only attorney who ever appeared on behalf of De La Cruz in the case at hand.

Second, De La Cruz's arguments that this Court erred by not giving him credit for his substantial assistance and in failing to grant him a reduction under the safety valve were waived by his plea agreement. His written plea agreement waived his right to collaterally attack his sentence on any ground, including the ground that the Court erred in determining the applicable guideline range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the court pursuant to the United States Sentencing Guidelines, (b) the ground that the sentence exceeds the statutory maximum penalty, or (c) the ground that the sentence violates the Eighth Amendment to the Constitution. This waiver includes his right to collaterally attack his sentence in a § 2255 proceeding. *Williams v. U.S.*, 396 F. 3d 1340 (11th Cir. 2005). This waiver was clearly explained to De La Cruz at his guilty plea hearing. He acknowledged that he understood it and was entering his plea freely and voluntarily and that no one had promised him anything that was not in the written plea agreement.

(Transcript of guilty plea hearing (Dkt. #78), criminal case #8:12-cr-5-T-30EAJ, pp. 29-36.) De La Cruz now sets forth no factual basis sufficient to undermine this waiver.

Third, sentencing errors are not cognizable in a collateral attack for habeas relief. Those are issues for direct appeal and if not raised are procedurally defaulted. *Bousley v. U.S.*, 523 U.S. 614, 622-24 (1998). The only exceptions to this procedural default are for (1) cause and prejudice, or (2) a miscarriage of justice or actual innocence. De La Cruz does not meet either of these exceptions.

Fourth, De La Cruz attempts to cast his arguments in terms of ineffective assistance of counsel fail on the merits for lack of prejudice and, once again, he is factually mistaken. He claims that his lawyer was ineffective for failing to assert his rights to a four level reduction for substantial assistance. Neither his lawyer nor the Court can compel the Government to file a 5K1 motion to reduce a defendant's sentence for substantial assistance. *U.S. v. Bell*, 465 Fed. App'x 892 (11th Cir. 2012). De La Cruz's conclusory statements that somehow race or gender was involved in the Government's decision are too vague to support the claim. A petitioner is required to make specific factual allegations of improper motive to merit relief. *U. S. v. Forney*, 9 F. 3d 1492, 1502 and n. 5 (11th Cir. 1993). And even if there were an agreement concerning substantial assistance, a defendant forfeits his rights under that agreement by becoming a fugitive. *U. S. v. Best*, 214 Fed. App'x 279, 285 (4th Cir. 2007).

De La Cruz claimed that this Court erred by not giving him credit for the safety valve in calculating his sentence is factually incorrect. This Court did give De La Cruz credit for

the safety valve. De La Cruz's pre-sentence report calculated his total offense level at 29. It started with a base offense level of 34, subtracted two points for the safety valve, and three points for acceptance of responsibility for a total offense level of 29. In sentencing De La Cruz, this Court allowed the safety valve reduction but denied De La Cruz the three levels for acceptance of responsibility since he failed to appear at sentencing. The Court said at sentencing:

> THE COURT: There being no objections to either the factual statements or the application of the guidelines as contained in the presentence report, the court adopts those statements and guidelines applications as its findings of fact except for the three points of acceptance of responsibility. I'm not going to give him acceptance of responsibility since he didn't appear this morning.
>
> So, taking away those three points, that would make it a Total Offense Level 32, Criminal History Category I, which calls for 121 to 151 months imprisonment, supervised release of two to five years.

November 27, 2012 Sentencing Transcript (Dkt. #70), pp. 5-6. The Court sentenced De La Cruz to 121 months, the bottom of the guidelines.

## **Conclusion**

For all of the foregoing reasons, De La Cruz is not entitled to relief. It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#92, in the underlying criminal case, case number 8:12-cr-5-T-30EAJ.

4. Defendant's Motion for Specific Performance Concerning Movant's Substantial Assistance to the Government (Dkt. #93) filed in case number 8:12-cr-5-T30EAJ is DENIED for the reasons stated in this Order.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on July 15, 2014.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2014\14-cv-601 order 2255.wpd